Argued December 16, 1977, reversed and remanded January 30, reconsideration denied March 15, *rev den* (1978)

## STATE OF OREGON, *Appellant,*
## *v.*
## JOSEPH ROBERT SHEPPARD, *Respondent.*
### (No. 181450, CA 9171)
573 P2d 1276

Kent B. Thurber, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Vernon L. Richards, Sandy, argued the cause and filed the brief for respondent.

Before Tanzer, Presiding Judge, and Johnson and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

This is an appeal by the state from the district court's order dismissing the criminal charge of driving while under the influence of intoxicants. Defendant's motion to dismiss was based on the prosecution's alleged failure to allow pretrial discovery pursuant to ORS 135.805-135.990.

Defendant was cited on April 1, 1977 for driving while under the influence of intoxicants. On April 4, 1977, defendant's attorney sent a letter to the district court entering a plea of not guilty. The letter concluded with the following sentence: "By copy of this letter I am demanding reciprocal discovery from the District Attorney's office." A copy of that letter was sent to the district attorney's office.

There was no response from the district attorney's office and the defendant made no further requests or inquiries concerning discovery. At the time of trial defendant moved for dismissal because of the state's failure to allow discovery. The prosecutor claimed that the letter had been mislaid in the district attorney's office, suggested that the letter was overly vague, and pointed out that defendant had made no further inquiries. The court granted the motion to dismiss.

Oregon discovery statutes provide for disclosure to defendants of certain classes of information. ORS 135.805(2) defines disclosure as follows:

"(2) As used in ORS 135.805 to 135.873, 'disclose' means to afford the adverse party an opportunity to inspect or copy the material."

In this case, the defendant did no more than to send a copy of a letter addressed to the court to the district attorney's office. While we do not intend to discourage informal communication between the district attorney's office and the attorneys in pursuing discovery, more is required to make formal demand under the statute than is demonstrated here.

Reversed and remanded.